IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEWAYNE BROWN, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | NO.  3:13-cv-0111-O (BF) |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dewayne Brown brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g).  For the following reasons, the District Court should AFFIRM the Commissioner's decision.

**Background**

Plaintiff alleges that he is disabled due to a variety of ailments including glaucoma, schizophrenia, ankylosis, major depressive disorder, obesity, hepatitis C, diabetes mellitus, hypertension, alcohol abuse, and bipolar disorder.  After his applications for DIB and SSI were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge.  That hearing was held on April 27, 2011.  At the time of the hearing, Plaintiff was 53 years old.  He is a high school graduate, and has a history of short-term employment in a variety of unskilled jobs.  Plaintiff has not engaged in substantial gainful activity since August 15, 2008.

Although the medical evidence established that Plaintiff suffered from hepatitis C, obesity, diabetes mellitus, hypertension, alcohol abuse, and bipolar disorder and that such impairments were severe, the ALJ concluded that Plaintiff's impairments would not meet or equal the requirements of any listing in the absence of drug addiction or alcoholism ("DAA").  The ALJ further determined that, in the absence of DAA, Plaintiff had the residual functional capacity ("RFC") to perform a wide range of medium work, but had no past relevant employment to which he could return.  Relying on the testimony of a vocational expert, the judge found that Plaintiff was capable of working as a hand packager, a cleaner/housekeeper, a bottling line attendant, and a poultry dresser -- jobs that exist in significant numbers in the national economy.  Accordingly, the ALJ found that Plaintiff was not disabled and therefore not entitled to DIB or SSI benefits.  Plaintiff appealed that decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal district court.  In a single ground for relief, Plaintiff contends that the ALJ's finding that Plaintiff would not be disabled in the absence of DAA is not supported by substantial evidence.

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits.  *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).  The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

2

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled.  Those steps are that:

(1)     an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2)     an individual who does not have a "severe impairment" will not be found to be disabled;

(3)     an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4)     if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5)     if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry.  *Leggett*, 67 F.3d at 564.  The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant.  *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).  If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding.  *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference.  *Leggett*, 67 F.3d at 564.

Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits

was supported by substantial evidence and to whether the proper legal standard was utilized.

*Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g).  Substantial evidence is defined as "that which

is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must

be more than a scintilla, but it need not be a preponderance."  *Leggett*, 67 F.3d at 564.  The

reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but

rather scrutinizes the record as a whole to determine whether substantial evidence is present.

*Greenspan*, 38 F.3d at 236.

**Analysis**

The Act prohibits the Commissioner from awarding benefits to a disabled person if drug

addiction or alcoholism would be "a contributing factor material to the Commissioner's

determination that the individual is disabled."  42 U.S.C. § 423(d)(2)(C).  Where a claimant is found

disabled and there is medical evidence of DAA, the social security regulations provide a special

process for evaluating the materiality of the alleged DAA.  *See* 20 C.F.R. §§ 404.1535(b)  &

416.935.  The "key factor" in this process is whether the Commissioner would still find the claimant

disabled if he stopped using drugs or alcohol.  *Id*. §§ 404.1535(b)(1) & 416.935(b)(1).  This

determination requires the Commissioner to first evaluate which physical and mental limitations

would remain if the claimant discontinued his drug and alcohol use and then determine whether any

remaining limitations would be disabling.  *Id*. §§ 404.1535(b)(2) & 416.935(b)(2).  Whether DAA

is a contributing factor material to the disability determination depends on whether the limitations

remaining after stopping drug and alcohol use are sufficient, by themselves, to support a finding of

disability. *See Snodgrass v. Colvin*, No. 11-CV-0219-P, 2013 WL 4223640, at *2 (N.D. Tex. Aug. 13, 2013) (citing 20 C.F.R. §§ 404.1535(b)(2)(i)-(ii) & 416.935(b)(2)(i)-(ii)).  If the remaining limitations are not disabling, the claimant's DAA is a material factor to the disability determination and an award of benefits is not appropriate.  20 C.F.R. §§ 404.1535(b)(2)(i) & 416.935(b)(2)(i).  If, on the other hand, the remaining limitations are disabling, then DAA is not a material factor and the claimant is entitled to benefits because he is disabled independent of drug addiction or alcoholism. 20 C.F.R. §§ 404.1535(b)(2)(ii) & 416.935(b)(2)(ii).  The claimant "bears the burden of proving that drug or alcohol addiction is not a contributing factor material to [his] disability."  *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999).

The medical record in this case establishes that Plaintiff has a long history of alcoholism. (*See* Tr. at 297, 300, 327).  Plaintiff himself reported that he began drinking at age 12 and was addicted by the time he was 17.  (*Id.* at 325).  The ALJ initially determined that Plaintiff's severe impairments include hepatitis C, obesity, diabetes mellitus, hypertension, alcohol abuse, and bipolar disorder.  (*Id*. at 21).  The ALJ also determined that, taken together, Plaintiff's impairments satisfied the requirements of Listing 12.04 (affective disorders) and Listing 12.09 (substance abuse disorders). (*Id.*).  As required by the regulations, the ALJ then proceeded to evaluate the materiality of Plaintiff's alcoholism to his disability.  The judge found that, if Plaintiff stopped abusing alcohol, he would continue to have severe impairments but he would not have an impairment or any combination of impairments that meets or medically equals a Listing.  (*Id.* at 22).  The ALJ further found that, in the absence of alcohol abuse, Plaintiff has the RFC for work at the medium exertional level.  (*Id.* at 23). He also is capable of applying commonsense understanding to carry out simple one- or two-step instructions, can deal with standardized situations with occasional or no variables in or from

situations encountered on the job, and can handle interpersonal contact incidental to the work

performed. (*Id.*). If Plaintiff stopped abusing alcohol, he could perform a significant number of jobs

in the national economy, including work as a hand packager, a cleaner housekeeper, a bottling line

attendant, and a poultry dresser. (*Id.*). The ALJ therefore determined that Plaintiff's DAA was a

contributing factor material to the determination of his disability and he was not entitled to DIB or

SSI. (*Id.* at 28).

Plaintiff challenges the ALJ's materiality finding on grounds that the judge failed to cite any

medical evidence that, absent alcohol use, Plaintiff's mental impairments would not be disabling.

Plf. Br. at 9.[1]  Contrary to Plaintiff's assertions, the ALJ's decision cited and relied on an opinion

by Kristi Compton, Ph.D., a consultative psychologist who examined Plaintiff on October 19, 2009.

(*Id.* at 22-25; *see also id.* at 324-27). At the time of Dr. Compton's examination, Plaintiff had

allegedly been sober for more than three months and was receiving treatment for his mental health

problems. (*Id.* at 325). Dr. Compton observed that Plaintiff had trouble with articulation but related

spontaneously, made good eye contact, presented with a normal mood, exhibited normal facial

expressions, and showed no signs of depression. (*Id.* at 324). Plaintiff reported feelings of sadness

and auditory hallucinations, but also stated that his medication reduced his depressive symptoms.

(*Id.* at 324-25). Dr. Compton diagnosed Plaintiff with major depressive disorder and alcohol

dependence. (*Id.* at 327). She observed that his depression appeared to be effectively moderated

with medication. (*Id.* at 326). She also found that he had good memory and attention/concentration,

fair judgment/insight and persistence and pace, and appeared to function within the average range

---

[1] To the extent Plaintiff argues that the ALJ failed to cite evidence that his alcohol consumption was the cause of his mental impairments, *see* Plf. Br. at 9-10, the Court observes that such evidence is not required. The proper inquiry is whether Plaintiff would be disabled if he stopped using alcohol. *See* 20 C.F.R. §§ 404.1535(b) & 416.935(b).

of intellectual abilities. (*Id.* at 326-27). She assigned Plaintiff a GAF of 65[2] and found that he had

a fair prognosis, provided that he continued to receive mental health treatment and remained free of

alcohol. (*Id.*). Dr. Compton's opinion constitutes substantial evidence in support of the

Commissioner's determination that Plaintiff's DAA is a contributing factor material to the disability

determination. *See Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (examining physician's

opinion may provide substantial evidence to support the Commissioner's decision).

Plaintiff further argues that he has met his burden to show that his alcoholism is not material

to a finding of disability because he has been sober since July 2009 and medical records since that

date continue to reflect diagnoses of hallucinations, paranoia, retarded motor activity, slow and

slurred speech, constricted and flat affect, guarded attitude, and GAF scores ranging from only 25

to 45.[3] However, "the diagnosis of an impairment – without more – is not sufficient to establish a

severe impairment or a disability." *McClatchy v. Barnhart*, No. ASA-03-CA-0914-X, 2004 WL

2810100, at *6 (W.D. Tex. Dec. 3, 2004), *rec. adopted*, 2005 WL 1593395 (W.D. Tex. Jun. 30,

2005) (citing *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983)). Further, the fact that Plaintiff's

medical providers at Metrocare and ABC Behavioral Health opined that Plaintiff was more limited

than Dr. Compton determined does not mean the ALJ erred in accepting Dr. Compton's opinion or

---

[2] GAF, or global assessment of functioning, is a standardized measure of psychological, social, and occupational functioning used in assessing a patient's mental health. *See Boyd v. Apfel*, 239 F.3d 698, 700 n. 2 (5th Cir. 2001). The GAF scale ranges from a high of 100, denoting superior functioning, to a low of 1, indicating that the patient is in persistent danger of severely hurting himself or others, has persistent inability to maintain minimal personal hygiene, or has engaged in a serious suicidal act with a clear expectation of death. *See* American Psychiatric Association Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV-TR") at 34 (4th ed. text rev. 2000). A GAF score of 65 indicates that Plaintiff has some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functions pretty well. *See* DSM-IV-TR at 32.

[3] A GAF score of 25 indicates that the patient's behavior is considerably influenced by delusions or hallucinations, or a serious impairment in communications or judgment, or an inability to function in all areas. *Id.* A GAF score of 45 indicates serious symptoms or a serious impairment in social, occupational, or school functioning. *Id.*

that the disability determination is not supported by substantial evidence.  An ALJ is entitled to determine the credibility of medical experts and weigh their opinions accordingly.  *See Greenspan v. Shalala*, 38 F.3d at 237.  In an appropriate case, an ALJ may rely on a well-supported consultative examiner's opinion over a poorly supported treating physician's opinion.  *Bradley*, 809 F.2d at 1057.  Here, the ALJ appropriately explained that he accepted Dr. Compton's determination of Plaintiff's GAF over the scores assigned by his treating physicians because the Metrocare and ABC Behavioral Health scores were inconsistent with repeated normal findings regarding Plaintiff's mental status.  (Tr. at 25).  The ALJ's decision is supported by substantial evidence, and no remand is required.

## RECOMMENDATION

The Court recommends that the District Court AFFIRM the final decision of the Commissioner.

SO RECOMMENDED, January 14, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

9

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of the Findings, Conclusions, and Recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify the part of the findings, conclusions, and recommendation to which an objection is being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections within 14 days after being served with a copy of the Findings, Conclusions, and Recommendation shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).